[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10564
Non-Argument Calendar
_____

D. C. Docket No. 05-00293-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONYELLE CHILDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 26, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Donyelle Childs appeals his 262-month sentence for possession with intent

to distribute fifty grams or more of cocaine base and for being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and 18 U.S.C. § 922(g)(1).  We AFFIRM.

## I. BACKGROUND

Based on intelligence regarding an ongoing narcotics distribution investigation, the Sheriff's Office of Pinellas County, Florida, executed a search warrant at Childs's apartment on 22 June 2005.  The officers seized 122 grams of crack cocaine and three grams of cocaine powder as well as two firearms, all of which Childs admitted were his.[1]  Childs pled guilty.

Because Childs was at least eighteen years of age when he committed the crimes, one of which was a controlled-substance offense, and he had at least two prior felony convictions for controlled substance offenses, the probation officer determined that Childs was a "career offender" as defined by U.S.S.G. § 4B1.1(Nov. 2005).  Based on this determination, the probation officer placed Childs's total offense level at 37, the level for career offenders convicted of an

---

[1] On a table next to Childs, officers found 32 grams of crack cocaine cut into small block pieces, half of a crack cocaine "cookie" weighing 36 grams, razor blades, $1000 in cash, and a box containing an additional "cookie" weighing 54 grams.  In the kitchen, the officers found a drug scale, marijuana, a sauce pot with cocaine residue, plastic bags, a .32 caliber handgun, four rounds of ammunition, and an additional three grams of cocaine powder.  In Childs's bedroom, the officers found a Ruger .223 rifle loaded with a full ammunition magazine holding 30 rounds of .223 ammunition.

offense for which the maximum penalty is life imprisonment.[2] The officer

deducted three points as an adjustment for acceptance of responsibility and for

assisting authorities by providing timely notification of intent to plead guilty,

resulting in the final offense level determination of 34. Because Childs was

classified as a career offender, his criminal history category was placed at VI.

Based on an offense level of 34 and a criminal history category of VI, the

Sentencing Guidelines range for Childs's crimes was 262-327 months of

imprisonment. U.S.S.G. Ch. 5, Pt. A.

At the sentencing hearing, the district judge considered Childs's objections

to the Presentence Investigation Report ("PSI"). Childs's attorney argued that the

calculations made by the probation officer were based on an "over-representation"

of Childs's criminal history. R3 at 7. The judge listened to defense counsel's

arguments about past convictions involving the sale of "fake," rather than actual,

drugs, and about Childs's troubled past. Id. at 8-10. Overruling these objections,

the judge concluded that the probation officer's evaluation in the PSI was

"unquestionably correctly scored" and, further, that "the considerations that trigger

that policy are clearly present." Id. at 11.

The district judge also heard testimony from several members of Childs's

---

[2] There is a statutory minimum of ten years and a maximum of life for possession with intent to distribute fifty grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(A).

family, as well as his girlfriend, regarding Childs's difficult upbringing, his struggle with criminal activities, his religious faith, and his good character. Childs testified regarding his remorse, his acceptance of responsibility, and his difficult childhood. The government declined to offer additional evidence in aggravation or mitigation of the offense.

Childs's attorney asked for the statutory mandatory minimum sentence of ten years. The judge acknowledged the "impressive group of people" who spoke on Childs's behalf and the "difficulty" presented by Childs's case. Id. at 32. After noting the "great threat" of Childs's activities, the seriousness of Childs's offenses, Childs's mature age, and Childs's past of "systematically violating the law, and spreading substances widely regarded as poison in the community," id. at 33, the judge sentenced Childs to 262 months as to Count 1, and 120 months as to Count 2, to run concurrently, id. at 35, and noted that this sentence satisfied the requirements of 18 U.S.C. 3553(a), id. at 37.

Childs argues on appeal that his sentence is unreasonable because of mitigating circumstances relating to his prior convictions. Specifically, Childs contends that his classification as a career offender was inappropriate, since one of his prior convictions had been for sale of a counterfeit substance, when he was only eighteen years old. Moreover, Childs argues that the district judge gave

4

inadequate consideration to his good character and difficult upbringing.

## II. DISCUSSION

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citations and alteration omitted). The § 3553(a) factors include:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam); see 18 U.S.C. § 3553(a).

We have held that a district judge need not state on the record that he or she explicitly has considered each factor or discuss the factors individually. Talley, 431 F.3d at 784. An acknowledgment by a district judge that he or she has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. In reviewing a sentence for reasonableness, "'we must be mindful of the factors to be considered in imposing a sentence, as set forth in [18 U.S.C. § 3553(a)], and

5

evaluate these in light of the reasons for the imposition of the particular sentence as stated by the district court'"; we further consider the district judge's statements over the entire sentencing hearing. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam) (citation omitted) (alteration in original). The burden of proving that the sentence is unreasonable in view of the record and the § 3553(a) factors is on the challenger. Talley, 431 F.3d at 788.

Although a sentence within the Sentencing Guidelines range will not be considered per se reasonable, the Guidelines remain central to the sentencing process. Id. at 787. "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 788. We previously have rejected a defendant's argument that a low-end sentence was unreasonable based on the defendant's assertion "that the district court had failed to place sufficient weight on his personal characteristics and history." United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005). In Talley, we rejected a reasonableness challenge where the district judge had considered the defendant's arguments in mitigation and then sentenced the defendant at the low end of the Guidelines range. 431 F.3d at 788.

At the sentencing hearing, the district judge considered Childs's objections to the PSI but concluded that the probation officer's evaluation was correct and that "the considerations that trigger that policy are clearly present." R3 at 11.

6

Because the district judge considered Childs's arguments in light of the factors outlined in § 3553(a) and imposed a sentence at the low end of the Sentencing Guidelines recommendation for Childs's crimes, it did not impose an unreasonable sentence. Before issuing the sentence, the district judge solicited evidence in mitigation of the sentence and considered the testimony of several witnesses, who testified as to Childs's good character, difficult upbringing, struggle with criminal activities, and religious faith. Additionally, the judge considered Childs's testimony regarding his remorse, his acceptance of responsibility, and his religious faith. After this testimony, Childs's attorney asked the judge to impose the ten-year mandatory minimum sentence.

The judge rejected defense counsel's request that Childs be sentenced to the statutory minimum of ten years and decided instead to impose a sentence of 262 months in prison, a sentence at the low end of the Guidelines range. The judge noted that this sentence was being made "pursuant to the Sentencing Reform Act of 1984, and to the extent it is applicable after United States vs. Booker[, 543 U.S. 220, 125 S.Ct. 738 (2005)] and pursuant to 18 U.S.C. 3553." R3 at 35. Explaining his reasoning for the sentence, the district judge found that Childs had a history of violating the law, particularly, distributing controlled substances. The judge further noted Childs's mature age and observed that Childs was "getting on

7

toward 30." Id. at 33. The judge recognized that Childs's activities had been a "great threat . . . to the community" and that his was a "serious offense," which required a "serious penalty." Id. at 34. The judge was satisfied that Childs's sentence complied with the requirements of § 3553(a). Id. at 37.

Based on this record, Childs has not met his burden of showing that his sentence was unreasonable. The district judge considered all of defense counsel's arguments and specifically found that the sentence imposed was in compliance with § 3553(a). The district judge's findings related to the concerns of § 3553(a) with "the nature and circumstances of the offense and the history and characteristics of the defendant," "the seriousness of the offense," the need "to protect the public," and the Guidelines "sentencing range." 18 U.S.C. § 3553(a). Accordingly, Childs's sentence was reasonable.

## III. CONCLUSION

After pleading guilty to crimes involving possession and distribution of cocaine base and possession of firearms by a convicted felon, Childs challenged the reasonableness of his sentence on appeal. As we have explained, Childs's sentence was reasonable.

**AFFIRMED.**